**GEIS CONSTRUCTION COMPANY, Plaintiff, v. BOARD OF EDUCATION, Defendant.**

Common Pleas Court, Franklin County.

No. 193319. Decided September 22, 1955.

Robert Emerson Potts, Robert Denzler Holmes, Columbus, for plaintiff.

J. Ralston Werum, George Ruble, Jr., Assts. Pros., Columbus, for defendant.

## OPINION

By DRAPER, J.

This case arises in this court under and by virtue of §12148-3 GC, §2711.03 R. C., wherein it is provided:

"The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition the court of common pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided for the service of a summons. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. When such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with such agreement."

A hearing was held and the facts adduced were as follows: The Geis Construction Company, plaintiff herein, on January 14, 1955, entered into a contract with the Board of Education, Hamilton Local School District, Franklin County, Ohio, to furnish all the materials and perform all of the work shown on the drawings and described in the specifications entitled "An Elementary School Building, Southwest Corner Shook Road and State Route 665, Franklin County, Ohio (Dated October 18, 1954) including Addenda Nos. 1, 2, 3 General and Electrical (Combined) General, alternate No. 1, two additional class rooms; Electric Alternative No. 1, two additional class rooms, and deductive alternates 3, 4, and 5, prepared by F. F. Glass, Architect, 20 South Third Street, Columbus, Ohio," acting as, and in these Contract Documents entitled, the Architect, under which contract the contractor "shall do everything required by this Agreement, the General Conditions of the Contract, the Specifications and the Drawings."

This contract was the standard form of agreement between the contractor and owner for construction of buildings, issued by the American Institute of Architects (AIA), for use when a stipulated sum forms the basis of payment, and it is plaintiff's Exhibit A, part 1.

Article 6 of this contract says:

"Article 6. The Contract Documents—The General conditions of the Contract, the Specifications and the Drawings, together with this Agreement, form the Contract, and they are as fully a part of the Contract as if hereto attached as herein repeated."

The specifications, Exhibit A, part 2, are a part of this contract as set forth in Article 6 and consist of the General Conditions of the Federal Housing and Home Finance Agency (HHFA), office of the Administrator, Community Facilities and Special Operations, hereinafter called HHFA General Conditions, and the General Conditions of the contract for the construction of buildings, being a standard form of The American Institute of Architects and hereinafter called A. I. A. General Conditions.

A dispute arose over the furnishing by the contractor of Mitchell Mfg. Company Folding tables which F. F. Glass, the Architect, refused to accept, and the contractor further made a claim for $357.96 for additional fill material and $34.40 additional concrete footer work and hand excavation, which were not approved by the Architect.

The contractor then on June 13, 1955, served notice on the Board of Education that he had appointed Robert Emerson Potts to act as arbitrator on his behalf and requested the Board of Education to appoint an arbitrator on its behalf under Section 40 of A. I. A. General Conditions. This service of notice on June 13, 1955, was within the 10 day period required by Sec. 40 of A. I. A. General Conditions, the Architect's decision having been rendered on June 8, 1955. The defendant Board of Education refused to act and the Contractor renewed its demand on July 5, 1955, by serving on the president of the Board an application for arbitration. The defendant Board has failed and refused to nominate a person as its arbitrator. Thereafter the contractor filed this action in the Common Pleas Court of Franklin County, Ohio, under §2711.03 R. C.

## THE LAW

Sec. 2711.03 holds:

"* * * If the making of the arbitration Agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. * * * If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the Court shall make an order summarily directing the parties to proceed with the arbitration in accordance with such agreement."

The sole issue before this Court is "Was there an agreement for arbitration? If so, was there a default in proceeding?" If there was no agreement for arbitration, then the court must dismiss the action.

A jury was not demanded; thus the Court must proceed to hear and determine the issue.

For this reason the second and the third causes of action will not be considered.

Whether this contract provides for arbitration depends upon its construction from the whole instrument. **11 O. Jur., 2nd, Contracts, Sec. 19, page 263** holds:

"It is a general rule as to the binding effect of contracts that in the absence of fraud or mutual mistake, a party who executes a written contract cannot say he was ignorant of its contents and thus escape liability. The party drawing the contracct is under no obligation to state the terms thereof to the other party where the other party is able to read the contract. It is the well-established principle that it is the duty of every person who enters into a contract, to learn its contents before he signs it. * * *

"The acceptance of a written contract sufficiently indicates an assent to its terms whatever they may be; it is immaterial that they are in fact unknown. * * *"

Under this citation the parties are bound by the provisions of the contract herein, as there has been no showing to bring them into any of the exceptions above set forth.

The parties being bound by the contract, the Court is then left with the sole question of interpreting the contract from the four corners thereof to determine the rights of the parties on the question presented in this action.

**11 O. Jur. 2d, Contracts, Art. 133, page 377:**

"Principles of construction cannot be applied to vary the meaning of that which is otherwise clear and unambiguous * * *"

The Court is therefore presented with the problem of interpreting this contract and its provisions as they stand, inasmuch as no question has been raised that they were not clear or ambiguous.

Addendum No. 1 sets forth the following:

"1. Attention is called to the first paragraph at the top of page 15 of the specifications which shall be a part of the Special Conditions of the contract making HHFA general conditions supercede the A. I. A. General Conditions of the Contract in any case of conflict."

At page 15 we read "The following General Conditions of the Federal Housing and Home Finance Agency, Office of the Administrator, Community Facilities and Special Operations are in addition to the A. I. A. General Conditions and are a part of this contract and shall supersede the A. I. A. General Conditions in all points of difference."

**11 O. Jur. 2nd, Sec. 133, Contracts, p. 378:**

"When a writing is worded in clear and precise terms, when its meaning is evident and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which it naturally presents."

Certainly the provisions of the contract as herein set forth are worded so that no misunderstanding could arise to their meaning.

The HHFA conditions "supersede the A. I. A. General Conditions in all points of difference." Thus, if there are points of difference which are irreconcilable, then the HHFA Conditions prevail as the parties are bound by their ccontract.

This brings us to a determination of Sec. 40 of the A. I. A. General Conditions and Sec. 38 of the HHFA Conditions.

Sec. 38 of HHFA Conditions states:

"Architect's Authority: The Architect shall give all orders and directions contemplated under this contract and specifications relative to the execution of the work. The Architect shall determine the amount, quality, acceptability, and fitness of the several kinds of work and materials which are to be paid for under this contract and **shall decide** all questions which may arise in relation to said work and the construction thereof. The Architect's estimates and decisions **shall be final and conclusive, except as herein otherwise expressly** provided. In case any question shall arise between the parties hereto relative to said contract or specifications, the determination or decision of the Architect **shall be a condition precedent** to the right of the contractor to receive any money or payment for work under this contract offered in any manner or to any extent by such question." (Emphasis added.)

**11 O. Jur. 2nd, Contracts, Sec. 224, page 480:**

"* * * Building and construction contracts frequently provide that the approval, or estimate, or decision of the architect, engineer, superintendent or other person shall be a condition precedent to payment or shall be conclusive. Contracts which provide for the acceptance of a building by an architect and that his determination shall be final are lawful and are usually upheld. * * *"

See also **Sec. 226, page 483, 11 O. Jur. 2d.**

It is true as cited in Merrill-Ruckgaber Company v. U. S., 36 Sup. Ct. 552:

"Parties to a contract may agree to submit differences of views in the interpretation of drawings and specifications to the decision of an architect or engineer, and the validity of such an agreement is unquestionable, in **the absence of bad faith, fraud or a failure to exercise an honest judgment.**" (Emphasis added.)

See also Reaugh Const. Co. v. Corlett, 23 O. N. P. (n. s.) 336; **Fred R. Jones Co. v. Fath, 101 Oh St 47;** also 12 Am. Jur. p. 898 and 899 to the effect that bad faith, fraud, or failure to exercise an honest judgment may give a contractor a right to recover, but that is not our question here. We are dealing solely with the question of "right to arbitrate under the contract."

Sec. 40, A. I. A. General Conditions, provides for arbitration when disputes, claims, or questions shall arise.

"Art 40 Arbitration—All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law * * *."

There is no dispute that the plaintiff contractor has complied with the procedure for arbitration if he is entitled to it under this contract.

Art. 40 of the A. I. A. General Conditions is in conflict with Sec. 38, HHFA Conditions and under addendum No. 1 of HHFA conditions and page 15 of HHFA conditions, Sec. 38 of HHFA must prevail, as the parties are presumed to have contracted to make the decisions of the Architect

final unless Sec. 40 of A. I. A. General Conditions can be read into Section 38 of HHFA conditions under the language "except as herein otherwise expressly provided."

This language cannot refer to Article 40 of the A. I. A. General Conditions but only to HHFA Conditions as there is no intent to be gleaned from the HHFA conditions that the A. I. A. General Conditions should be included, but quite the contrary, that the HHFA Conditions should supersede the A. I. A. General Conditions unless there is a specific provision to include the A. I. A. General Conditions in the HHFA conditions.

To what do the words "except as herein expressly provided" allude? They allude solely to exceptions which may be contained in the HHFA Conditions. At page 63 of the HHFA Conditions under title "Plumbing" appears this language:

"General Conditions: The Standard Form of the General Conditions of the HHFA and the A. I. A. General Conditions of the contract (Fifth Edition, Copyrighted 1937, Form A-2) issued by the American Institute of Architects, as well as the Special Conditions bound herewith, are a part of **this** specification, and the contractor shall consult them in detail for instructions pertaining to his work." (Emphasis added.)

The same language is found at page 74 of HHFA General Conditions under the title "Heating and Ventilating Temperature Control."

Does this language relate to other parts of the contract to allow plaintiff contractor to take advantage of arbitration under Article 40 of A. I. A. General Conditions?

**The German Fire Insurance Co. v. Roost, 55 Oh St 581:**

"Syllabus 1—The meaning of a contract is to be gathered from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible."

Can this Court reasonably construe the language used at page 63 and 74 of HHFA General Conditions to change the meaning of Section 38 of HHFA General Conditions to incorporate Article 40 of A. I. A. General Conditions for arbitration?

The answer, we believe is obvious. The language used on page 63 and 74 relates solely to plumbing and heating and ventilating and the term therein used is "**this** specification," showing that the intent of the parties was to limit this provision to those particular parts of the contract. For the Court to arrive at any other conclusion would mean that the Court was making a new contract for the parties.

### CONCLUSION.

The parties and each of them are bound by the provisions of this contract. They have contracted that the Architect's decision shall be final and conclusive; they have also contracted that the General Conditions of the HHFA shall supersede the A. I. A. General Conditions. Section 38 of General Conditions of HHFA being in conflict with Article 40 of A. I. A. General Conditions, Section 38 prevails. The Court's sole function in this case being to find whether the contract provides for arbitration, and the Court finding that the contract does not provide for arbiration, the action is hereby dismissed.